IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARCHIE TINDELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-15 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Caiazza |
| GARRY BROWNFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

### II. REPORT

The Plaintiff, Archie Tindell ("Tindell" or "the Plaintiff"), a state prisoner confined at the State Correctional Institution at Fayette, Pennsylvania, commenced this action in the United States District Court for the Eastern District of Pennsylvania seeking a Writ of Mandamus directing the Sheriff of Fayette County, Pennsylvania to serve process in a state court civil action. The matter was transferred to the United States District Court for the Middle District of Pennsylvania, and, finally, was transferred to this court.

**A. Applicable Law.**

This Court is required to review Plaintiff's Complaint in

accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to review prisoner complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, actions in which litigants are permitted to proceed in *forma pauperis* must be reviewed pursuant to Section 1915(e) of the PLRA. The court is directed to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Tindell is considered a "prisoner" as that term is defined under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). The Defendant is a local police officer, i.e., an employee of a governmental entity. The Plaintiff also seeks permission to proceed in *forma pauperis*. (Doc. 1). Thus, Tindell's allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A and 1915(e).

In reviewing complaints under 28 U.S.C. §§ 1915A and

1915(e), a federal court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

**B. Analysis**

Tindell seeks an order from this court compelling action by a state official. Federal courts have no authority to issue writs of mandamus to state officials. Noble v. Cain, 123 Fed.Appx. 151, 152 (5th Cir.2005) ("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 Fed.Appx. 133, 134 (3d Cir.2002) ("Jones is not entitled to relief . . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, *1 (4th Cir.2000) ("we affirm on the district

court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies.").

## III CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 14, 2008.

March 26, 2008                s/Francis X. Caiazza
                              Francis X. Caiazza
                              United States Magistrate Judge


cc:
ARCHIE TINDELL
EW-6464
SCI Fayette
Box 9999
50 Overlook Drive
LaBelle, PA 15450