# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHIE TINDELL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 08-15 |
| | ) |
| v. | ) Chief Judge Ambrose |
| | ) Magistrate Judge Caiazza |
| GARRY BROWNFIELD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Archie Tindell's ("Tindell" or "the Plaintiff") Complaint was transferred to this Court from the United States District Court for the Eastern District of Pennsylvania on January 2, 2008, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report, filed on March 26, 2008, recommended that the action be dismissed as frivolous since he is seeking mandamus relief against a state official. The parties were allowed ten days from the date of service to file objections, and the Plaintiff was granted an extension of time within which to file objections. The Plaintiff's objections were filed on May 15, 2008.

The Plaintiff complains that he filed a civil action in the Pennsylvania courts, and that the local sheriff has refused to serve process on the Plaintiff's behalf, all in violation of

state court rules of procedure. He initially sought as relief an order directing the local sheriff to serve process, and later amended his complaint to seek compensatory damages. While I agree with the Magistrate Judge that the Plaintiff's Complaint improperly seeks mandamus relief against a state court official, the objections filed by the Plaintiff suggest that he is also seeking to make a claim for denial of access to the courts.

In this respect, the Plaintiff is under an affirmative duty to identify the underlying basis of the action which he alleges was impeded. Lewis v. Casey, 518 U.S. 343, 354 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). Here, however, Tindell alleges only that his attempts to have his state court complaint served have, to date, been frustrated. In Christopher, the Supreme Court explicitly held that a plaintiff must identify a **non-frivolous claim** which was **actually impacted** by the complained-of activity in order to state a claim. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Chrostopher, 536 U.S. at 416. Thus, Tindell must specifically detail the manner in which any asserted "obstacles" actually caused the loss or rejection of a legal claim. See, Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997)(no "actual injury" where court actually received prisoner's correspondence and considered

-2-

his arguments). It is apparent from Tindell's allegations that his complaint in state court is still pending, and that he is involved in ongoing attempts to have the complaint served. Thus, Tindell's state court claim has not been lost, nor has it been rejected by the state courts. Accordingly, Tindell has not pleaded the prejudice necessary to establish a denial of access to the courts claim.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following ORDER is entered:

AND NOW, this __20th__ day of __May__, 2008,

IT IS HEREBY ORDERED that this action is DISMISSED. The Report and Recommendation of Magistrate Judge Caiazza, (Doc. 5), dated March 26, 2008, is adopted as the opinion of the court. The Clerk is directed to mark this case CLOSED.

                                        s/Donetta Ambrose
                                        Donetta Ambrose
                                        Chief U.S. District Court Judge

cc:
ARCHIE TINDELL
EW-6464
SCI Fayette
Box 9999
50 Overlook Drive
LaBelle, PA 15450